GULF, COLORADO & SANTA FE RAILWAY COMPANY v. AUSTIN NEWSON
ET AL.

Decided March 18, 1907.

**Personal Injuries—Preponderance of Evidence—Charge.**

In a suit for personal injuries the plaintiff alleged, in substance, that he was thrown from a moving handcar by the negligence of his fellow servants in operating the same; the defendant replied that plaintiff fell from the car in an effort to catch his hat which was about to blow off. The court correctly charged the jury that before they could find for the plaintiff they must believe from a preponderance of the evidence that plaintiff was injured in the manner alleged by him. In another paragraph of the charge the jury were told that if they believed from a preponderance of the evidence that plaintiff was injured in the manner alleged by defendant he was not entitled to recover. Held, the charges were contradictory and confusing as to where the preponderance of the evidence should lie upon the issue of the negligence of the defendant.

Appeal from the District Court of Washington County. Tried below before Hon. E. R. Sinks.

*J. W. Terry* and *A. H. Culwell*, for appellant.

*Mathis, Buchanan & Rasberry*, for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by appellees against appellant to recover damages for personal injuries sustained by appellee, Austin Newson, through the alleged negligence of the appellant. The trial in the court below by a jury resulted in a verdict and judgment in favor of plaintiffs for the sum of $450.

The petition alleges that plaintiff, Austin Newson, an employe of defendant, was injured while in the performance of the duties of his employment in assisting in propelling a handcar on appellant's railroad, by the negligence of his fellow servants in releasing their hold upon the handlebar of the lever by which said car was being propelled without giving him warning and thereby causing said bar to strike plaintiff and throw him from the car which was in rapid motion. This was the only issue of negligence submitted to the jury by the charge of the court.

The defendant in addition to a general denial, specially pleaded that if said plaintiff was injured as alleged by him such injury was caused by his contributory negligence in releasing his hold upon the handle by which said lever was operated in an attempt to catch his hat and prevent it from being blown from his head, and in so doing he lost his balance and fell from the car.

The court charged the jury as follows: "Now if you believe from a preponderance of the evidence that the plaintiff, Austin Newson, was employed by the defendant company and while in such employment, in the course of his duty of employment, that he was riding upon and assisting in propelling a handcar belonging to the defendant company, and while so assisting in the propelling of said handcar, his fellow servants who were at the same time and place assisting in the operation of the same, let loose of the handlebar of said handcar, and failed to give notice to the plaintiff of their intention to do so and that by reason

thereof, said handle of said handcar jerked and threw the plaintiff therefrom and he was struck thereby and injured, and you further believe from the evidence that the said servants of the defendant company were guilty of negligence in so doing, then you will find for the plaintiff and assess his damages as hereinafter charged.

"If you believe from a preponderance of the evidence that the plaintiff, Austin Newson, was riding upon and assisting in propelling the handcar of the defendant company, and that while so doing his hat blew off, or was about to blow off, and that the plaintiff released his hold upon the handle of said handcar and made an effort to catch his hat, and in so doing the said plaintiff, Austin Newson, lost his balance and fell or jumped off of said handcar and received the injuries complained of, then you are instructed that the plaintiff can not recover, and if you so believe from the evidence you will return a verdict in favor of the defendant."

These charges are clearly contradictory and the jury could not have deduced from them any rule by which to determine where the preponderance of the evidence should lie upon the issue of the alleged negligence of the defendant. It is true they were told that in order to find for the plaintiff they must believe from a preponderance of the evidence that he was jerked and thrown from the car by the handlebar which had been negligently released by his fellow servants who were assisting him in propelling the car. This was a correct statement of the rule on the question of the preponderance of the evidence, but in the next paragraph the rule is reversed and the jury are told that in order to find for the defendant they must believe from a preponderance of the evidence that he released his hold upon the handlebar to prevent his hat from being blown off and in so doing lost his balance and fell or jumped from the car. With these contradictory instructions upon the question of the preponderance of the evidence upon the only fact issue as to defendant's negligence submitted to the jury, it is impossible to say what rule was adopted by the jury.

The burden was upon the defendant upon the issue of contributory negligence, and the facts submitted by the court to the jury as constituting a bar to plaintiff's right to recover were pleaded by defendant as contributory negligence, but, upon the issue of negligence submitted to the jury such facts do not present the issue of contributory negligence and they were not so submitted. If the accident occurred as claimed by the defendant the plaintiff was not jerked or thrown from the car by the handlebar which had been negligently released by his fellow servants. Plaintiff's right of recovery as submitted by the charge being dependent upon a finding by the jury that he was so jerked or thrown from the car, the claim of defendant that plaintiff released his hold upon the handlebar in order to catch his hat and thus lost his balance and fell from the car, if true would defeat his right of recovery, not on the ground of his contributory negligence, but because he had failed to prove the act of negligence which he alleged was the cause of the accident. Under these circumstances it is manifest that the burden was not upon the defendant to show by a preponderance of the evidence that the plaintiff was not jerked or thrown from the car as alleged by him, but the plaintiff must show by the preponderance of the evidence that the

defendant's employes were guilty of the act of negligence charged, and that such act caused the injury.

The charge of the court above set out is complained of by appellant under appropriate assignments of error upon the grounds above indicated, and the assignments must be sustained.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*